### COMMONWEALTH *vs.* CÆSAR H. DOBBYN.

Upon the trial of an indictment for being a common seller of intoxicating liquors, the judg ruled that the following evidence was competent, and submitted it to the jury with proper instructions: The government called three witnesses, who stated that they called for "Medford" and strong beer at the defendant's grocery store, and obtained what tasted and looked like small beer; that they would not swear it was intoxicating liquor, and that it did not intoxicate them. Two of the witnesses swore that it was not paid for by them or to their knowledge, and there was no evidence of any express agreement on their part to pay for the same. *Held,* that the defendant had no ground of exception.

HOAR, J.    The defendant was indicted as a common seller of intoxicating liquors, under the *St.* of 1855, *c.* 215, § 17.    His counsel, at the argument, relied upon and argued only one point, which is thus stated in the bill of exceptions :

"Upon the trial the government produced certain witnesses, who stated, that they called for 'Medford' and strong beer at the defendant's grocery store; that what they obtained tasted and looked like small beer; that they would not swear it was intoxicating liquor, and that it did not intoxicate them. Two out of three witnesses swore that they did not pay for the same, and that it was not paid for, to their knowledge; and there was no evidence of any express agreement on their part to pay for the same.    The defendant objected to the evidence, and asked the court to rule that the indictment was not sustained at all by said evidence.    But the court allowed said evidence to go to the jury, with proper instructions, if the evidence was admissible, overruling the defendant's objections; and the jury found the defendant guilty."

The delivery of intoxicating liquor in or from any building or place, other than a dwelling-house, is made by the statute *prima facie* evidence of a sale.    *St.* 1855, *c.* 215, § 17.    The evidence of the third witness, upon the question of payment for the liquors which was "called for" in the grocery store, is not given.    There is therefore nothing to show that the evidence to prove a sale, if given to the jury under proper instructions, was not ample to support the indictment.    But the defendant

now insists that there was no evidence proper to be submitted to the jury, upon the question whether the liquor was actually intoxicating.

It seems at least doubtful whether this objection is open to the defendant upon these exceptions. His objection was not to the sufficiency of the evidence offered, but rather to its competency. He asked the court to rule that the indictment was not sustained at all by the particular evidence reported. But we can have no doubt that it was competent, and being given to the jury under proper instructions, was proper for their consideration. The witnesses called for " Medford " and strong beer. The latter article is certainly intoxicating liquor, under the statute. What " Medford " meant, we have no means of knowing judicially. Whether it meant, in the understanding of the parties, and by the usage of the phrase in the neighborhood, " Medford rum," or some other liquid or substance, if it had any meaning, was a question for the determination of the jury, upon all the facts and circumstances of the case. Whether " Medford " was an intoxicating liquor, and whether, by itself or mixed with strong beer or some other substance, it might look and taste like small beer, we cannot decide as a matter of law. The witnesses did not testify that what they obtained was not what they called for, nor that it was not intoxicating. We must assume that the jury were instructed that, to find a verdict of guilty, they must be satisfied beyond a reasonable doubt, upon the whole evidence in the case, that the liquor sold was intoxicating ; and that they have found it to have been so. If the defendant thought the verdict against the weight of evidence, he could have moved for a new trial upon that ground.

*Exceptions overruled.*

*B. F. Butler*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.